## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57874-3-II |
| Respondent, | |
| v. | |
| JAMES DOUGLAS MATTSON, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J. – James Douglas Mattson appeals from his guilty plea convictions for numerous counts of voyeurism. He argues that we should remand this matter to the trial court to strike the $500 victim penalty assessment (VPA) and the $100 DNA collection fee imposed by the trial court in light of recent amendments to RCW 7.68.035 and RCW 43.43.7541. The State concedes that remand to strike the VPA and the DNA collection fee is appropriate. We accept the State's concession.

### FACTS

At the sentencing hearing following his guilty plea, the trial court found that Mattson was indigent pursuant to RCW 10.101.010(3). The trial court then imposed a $500 VPA and a $100 DNA collection fee.

### ANALYSIS

Mattson asks that we remand this matter to the trial court to strike the VPA and the DNA collection fee in light of recent amendments to RCW 7.68.035 and RCW 43.43.7541. He argues

that the recent amendments to these statutes provide that the VPA shall not be imposed on defendants who, like himself, are indigent at the time of sentencing and that the DNA fee shall no longer be collected. LAWS OF 2023, ch. 449, § 1, 4. The State concedes that remand for purposes of striking the VPA and the DNA collection fee from Mattson's judgment and sentence is appropriate.

Because Mattson's case is currently on direct appeal, these statutory amendments apply to Mattson. *See State v. Ramirez*, 191 Wn.2d 732, 749, 426 P.3d 714 (2018) (statutory amendments pertaining to costs imposed upon conviction that take effect after sentencing apply to cases pending on appeal). Thus, we accept the State's concession.

Accordingly, we remand for the superior court to strike the $500 VPA and the $100 DNA collection fee from Mattson's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

LEE, J.

GLASGOW, J.